UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-236-FDW

| | |
|---|---|
| NAPOLEON J. RANKIN BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| FNU CHETHAM, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 6).

**I.    BACKGROUND**

Plaintiff, a North Carolina prisoner currently incarcerated at Avery/Mitchell Correctional Institution, filed this action on May 4, 2015, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: FNU Chetham, identified as a Case Manager at Lanesboro Correctional Institution; J. Bennett, identified as a Programmer at Lanesboro; and FNU Hatley, identified as a Unit Manager at Lanesboro.[1]  In the Complaint, Plaintiff recites legal principles regarding, among other things, the ability to sue municipalities in a Section 1983 action, but he otherwise does not allege any facts regarding conduct of any of the named Defendants, nor does he identify

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina.  On May 28, 2015, the Eastern District transferred the case to this district.  (Doc. No. 10).

1

any legal claims he is purporting to bring.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint will be dismissed for failure to state a claim, as Plaintiff's allegations are simply too threadbare to give Defendants or the Court notice of his claim. Plaintiff simply does not present any factual allegations to put the Court on notice of what conduct Defendants participated in that allegedly violated Plaintiff's federal rights. Therefore,

the Complaint will be dismissed.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 6), is **GRANTED** for the limited purpose of this initial review of the Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim upon which relief can be granted.

Signed: June 4, 2015

Frank D. Whitney
Chief United States District Judge